[Cite as *State v. Cox*, 2026-Ohio-2851.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 30681; 30682; 30683 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2024 CR |
| v. | : | 01611/2; 2025 CR 01151; 2025 CR |
| | : | 02556 |
| CHRISTOPHER M. COX | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

**FINAL JUDGMENT ENTRY &
OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

MICHAEL O. MILLS, Attorney for Appellant
MICHAEL P. ALLEN, Attorney for Appellee

HUFFMAN, J.

{¶ 1} In this consolidated appeal, defendant-appellant Christopher Cox appeals from his convictions, upon guilty pleas, on one count of receiving stolen property, one count of misuse of credit cards, one count of theft, one count of having weapons while under disability, and one count of possession of a fentanyl-related compound. He contends that his sentence was unduly harsh and contrary to law, because the trial court failed to consider the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12. However, Cox's sentence on each offense was within the statutory range, and the trial court specifically stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors before sentencing Cox to a prison term of 24 months. For the reasons outlined below, we affirm the judgments of the trial court.

## I. Background Facts and Procedural History

{¶ 2} In June 2024, Cox was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree; one count of misuse of credit cards in violation of R.C. 2913.21(B)(2), a misdemeanor of the first degree; and one count of theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.

{¶ 3} In November 2024, Cox pleaded guilty to all three counts. During the plea hearing, the trial court explained to Cox that the receiving stolen property offense was punishable by a prison term from six to twelve months and that the misdemeanor charges

were each punishable by jail terms of 180 days. The court ordered a presentence investigation for Cox and advised him not to commit any further violations of the law before his final sentencing.

{¶ 4} In June 2025, Cox was indicted again on one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. In October 2025, he pleaded guilty to the weapons under disability charge. He also pleaded guilty to a bill of information charging one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a felony of the fourth degree. The trial court advised Cox that the State took no position regarding sentencing, deferring to the trial court. The court again ordered a presentence investigation and made no promise to Cox of community control.

{¶ 5} The three cases proceeded simultaneously to sentencing. During the sentencing hearing, Cox expressed remorse and apologized. The trial court stated that it had reviewed the presentence investigation report, noted Cox's criminal history (including twenty-six adult misdemeanor convictions, seven prior felony convictions, four prior prison sentences, and multiple revocations of community control sanctions), and considered the principles and purposes of sentencing (including avoiding unnecessary burden on the government's resources) and the seriousness and recidivism factors set forth in the Revised Code. The court sentenced Cox in all three cases as follows: 12 months for receiving stolen property; 180 days for misuse of credit cards and theft; 24 months for having weapons while under disability; and 18 months for possession of fentanyl. The court ordered all sentences to run concurrently for an aggregate prison term of 24 months.

{¶ 6} Cox timely appealed.

## II. Assignment of Error

{¶ 7} Cox's sole assignment of error states:

DESPITE BEING WITHIN THE SENTENCING RANGE, THE SENTENCE WAS UNDULY HARSH. THE SENTENCE IMPOSED IS INCONSISTENT WITH THE PRINCIPLES AND PURPOSES OF OHIO SENTENCING LAW AND IS THEREFORE CONTRARY TO LAW AND THE COURT COMMITTED PLAIN ERROR BY IMPOSING AN EXCESSIVE SENTENCE.

{¶ 8} Cox contends that the trial court committed plain error by not carefully considering the purposes and principles of sentencing pursuant to R.C. 2929.11 and 2929.12 when sentencing him. He argues that he showed genuine remorse; that there was no physical harm to any victim; and that substance abuse contributed to the commission of his offenses. Thus, he contends that while he was sentenced within the statutory range, the sentence was unduly harsh. We disagree.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38.

{¶ 10} The overriding purposes of felony sentencing are set forth in R.C. 2929.11, which states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of

4

felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 11} R.C. 2929.12 sets forth the seriousness of crime and recidivism factors to be considered by a trial court when imposing a sentence under R.C. 2929.11. R.C. 2929.12(A) states:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

R.C. 2929.12(B) through (F) then provide several factors for the court to consider, "relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any." *State*

5

*v. Jones*, 2020-Ohio-6729, ¶ 19. The trial court may also consider "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶ 12} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id*. However, the Supreme Court of Ohio has observed that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id*. at ¶ 14, quoting *Jones* at ¶ 39. Thus, when we review a felony sentence imposed solely after considering the factors in R.C. 2929.11 and 2929.12, we do not examine whether the sentence was unsupported by the record, but rather, we simply determine whether the sentence is contrary to law. *Id*., quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), and *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.). A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Dorsey* at ¶ 18, quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 13} Cox was sentenced on five offenses—each with different prison terms. In Ohio, a first-degree misdemeanor carries a maximum jail sentence of 180 days. R.C. 2929.24(A)(1). The prison terms for a third-degree felony generally range from 9 to

36 months. R.C. 2929.14(A)(3)(b). For a felony of the fourth degree, the prison term ranges from 6 to 18 months, and for a felony of the fifth degree, it ranges from 6 to 12 months. R.C. 2929.14(A)(4); R.C. 2929.14(A)(5).

{¶ 14} In this case, there is no dispute that Cox's sentence for each offense was within the appropriate statutory range. Cox contends that his sentence is contrary to law, because the trial court failed to consider the sentencing factors under R.C. 2929.11 and 2929.12. He points out that he showed genuine remorse, there was no physical harm to any victim, and substance abuse was a contributing factor. However, at Cox's sentencing hearing, though the trial court did not discuss every factor set forth in R.C. 2929.11 and 2929.12, the court specifically stated that it had considered the purposes and principles of sentencing and the seriousness of crime and recidivism factors before sentencing Cox. Among other things, at sentencing the court noted Cox's lengthy criminal record and multiple prior community control sanctions revocations. The trial court was not required to give particular weight to any demonstration of remorse, the absence of physical harm resulting from the criminal offenses, or the contribution of substance abuse to his conduct. The trial court had full discretion to impose any sentence within the authorized statutory range and was not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. Because R.C. 2929.11 and 2929.12 do not require a trial court to make any specific factual findings in the record, we conclude that the trial court sufficiently complied with R.C. 2929.11 and 2929.12. Under these circumstances, we cannot say Cox's sentence is contrary to law. His assignment of error is overruled.

### III. Conclusion

{¶ 15} The judgments of the trial court are affirmed.

. . . . . . . . . . . . .

7

LEWIS, P.J., and EPLEY, J., concur.